IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES LEE LONDON, § | | |
| TDCJ #812019, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. G-07-0136 |
| § | | |
| THOMAS R. DAY, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

State inmate James Lee London (TDCJ #812019) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. London, who appears *pro se*, has provided a detailed memorandum in support of his complaint. (Doc. # 3). At the Court's request, London has also provided answers to interrogatories along with a more definite statement of his claims. (Docs. # 9, # 15). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

**I.    BACKGROUND**

London is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Darrington Unit in Rosharon, Texas. London sues two correctional officers, Lieutenant Thomas R. Day and Correctional

---

[1] On October 25, 2007, this case was reassigned to United States District Judge Melinda Harmon pursuant to General Order 2007-10. The case is being handled by the undersigned by agreement of the judges.

Officer IV Charles W. Jones, Jr., who are employed by TDCJ at the Stringfellow Unit, where London was formerly assigned.

The incident that forms the basis of London's complaint occurred at the Stringfellow Unit on May 18, 2006. London explains that he was working on a utility squad in the onion field, which is located "a few miles from the unit, but on the unit property." London and other inmates assigned to the squad were cutting weeds and wild grass in the field, under the supervision of Lieutenant Day and Officer Jones, when London got into an altercation with another inmate identified as Anthony Chavez. After Chavez hit London in the face, London hit Chavez in the face and head area, causing Chavez to fall to the ground. While Chavez was on the ground, London got on top of him and started striking him some more. Lieutenant Day and Officer Jones, who were on horseback, ordered the inmates to stop fighting. London admits that ignored orders and kept on hitting Chavez. Officer Jones then pulled out a canister of gas and "put it in [London's] face," ordering him to get off Chavez. Lieutenant Day separated the inmates and called for a van to transport them back to the unit.

While waiting for the van to arrive, Officer Jones used his only pair of handcuffs to restrain London. Lieutenant Day obtained a second set of handcuffs from another officer. Officer Jones placed these handcuffs on Offender Chavez.

When the van arrived, both inmates were placed in the back to return to the main building to face disciplinary charges for fighting. London notes that the van did not have "cages" to separate the inmates from each other. London claims that Officer Jones tried to put Chavez in the seat directly next to him, but that Lieutenant Day ordered him to place at

least one seat between the inmates. With their hands cuffed behind their backs, London and Chavez were locked in the back of the van for the ride back to the prison. On the way, London claims that Chavez somehow slipped one hand out of his handcuffs and assaulted him. Because there was no officer in the back to separate the offenders, it took three to four minutes to stop the van, open the doors, and secure both inmates. Thereafter, Chavez was taken from the van and the inmates were transported back to the main building separately.

Exhibits attached to the pleadings reflect that London was treated in the infirmary for numerous cuts and scratches to his face and head. London was convicted of engaging in a fight with Chavez following a disciplinary hearing in case #20060264261. London filed a grievance against Officer Jones and Lieutenant Day, complaining primarily that Chavez was handcuffed improperly and that the officers failed to comply with procedures. An investigation conducted by Warden Negenebor, however, revealed that "the restraints were applied properly" to Chavez and there was "[n]o staff misconduct noted."

In his pending civil rights complaint, London claims that his life was put in danger as a result of the defendants' negligence. London insists that the defendants should have known that another fight could erupt in the back of the van, which was inadequate to separate the combatants, but that they failed to take reasonable steps to ensure his safety. In that respect, London complains that Officer Jones "improperly placed the handcuffs" on Chavez. London complains further that Officer Jones and Lieutenant Day violated prison policy by transporting both inmates in the same van after they had been in a fight, rather than keeping them completely separate. London seeks compensatory and punitive damages for the

defendants' incompetent failure to protect him from harm.[2] The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). These provisions of the PLRA apply regardless of whether the plaintiff has paid the filing fee. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (citations omitted).

A district court may dismiss a prisoner's complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint

---

[2]    London also seeks injunctive relief. London, who now resides at the Darrington Unit, is no longer assigned to the Stringfellow Unit where the incident that forms the basis of his complaint occurred. A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).

lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

London contends that the defendants failed to protect him from the assault that occurred in the back of the van while he was being transported from the onion field to the prison unit. His civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

To the extent that London claims that the defendants violated prison policy by failing to separate him properly from Chavez following their initial fight in the onion field, he fails to state a valid claim under 42 U.S.C. § 1983. In that respect, London's bare allegation that officials failed to follow policy, without more, does not establish a constitutional violation.

*See Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). *See also Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that a state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation).

To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

In this instance, London complains that Officer Jones failed to properly secure Chavez by handcuffing him correctly in accordance with his training. London contends that, if Officer Jones had followed proper procedures by "double locking" the handcuffs and not allowing so much "slack," then Chavez would not have been able slip out of his handcuffs and attack London while the two were in the back of the van. London claims further that both Lieutenant Day and Officer Jones were "grossly negligent" for failing to transport the two inmates back to the unit in separate vans.

London does not demonstrate that the defendants failed to take reasonable steps to separate him from Chavez following the fight or that they acted with deliberate indifference to his need for safety. Instead, London claims that the defendants were negligent for failing

7

to follow proper procedures. Allegations of this sort are not sufficient to state a failure-to-protect claim. *See Farmer*, 511 U.S. at 837; *see also Neals*, 59 F.3d at 533 (concluding that allegations amounting to a claim of negligence in the failure-to-protect context did not raise a non-frivolous constitutional claim); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983). Although London believes that Officer Jones purposely failed to handcuff Chavez in a proper manner, he provides no facts in support of his allegation that either defendant intended London to suffer harm. Thus, London does not demonstrate that the defendants failed to follow prison policies and procedures with intentional disregard for his safety. Accordingly, the Court concludes that the § 1983 claim by London lacks an arguable basis in law and must be dismissed.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the complaint in this case is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED on July 29th, 2008.

_____
Nancy F. Atlas
United States District Judge